THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EUGENE McNAIR, JR., Defendant-Appellant.

(No. 71-25;

Fifth District—June 7, 1971.

Lincoln T. Beauchamp, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Roland W. Griffith, State's Attorney, of Edwardsville, (Fred G. Leach and Thomas J. Immel, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

The defendant, Robert McNair, Jr., pleaded guilty to the crime of murder in the Circuit Court of Madison County and received a sentence of not less than 15 years nor more than 30 years in the penitentiary. His direct appeal to the Supreme Court was transferred to this court for consideration. The sole issue is whether the trial court abused its discretion

in denying defendant's petition to withdraw his plea of guilty and enter a plea of not guilty.

In May, 1969, defendant was indicted for a murder committed on November 30, 1968. At his arraignment in June, 1969, he entered a plea of not guilty. The case was set for trial on January 26, 1970 and on that day, with prospective jurors present and the State ready with a large number of witnesses in court and prepared to testify, defendant requested permission to change his plea to one of guilty. The court then engaged in a long colloquy with defendant and his privately retained counsel, admonishing defendant in detail as to the nature of the crime with which he was charged, the possible penalties and the consequences of a guilty plea. He was offered an opportunity for a recess for as long as he might want to discuss the matter further with his attorney, but he declined, stating he was fully satisfied with his attorney, that he had been adequately represented and that he wished to persist in changing his plea. His plea was then accepted, but sentencing was delayed pending a presentence investigation by the Probation Office. On February 13, the day set for sentencing, defendant requested and was granted leave to substitute another privately retained attorney. At the same time he also filed a petition to withdraw his guilty plea and to substitute therefore a plea of not guilty. It is from the order denying this petition that defendant appeals.

■■ The standard is well established by which appellate tribunals of this State review an order denying withdrawal of a guilty plea. Permission to do so rests in the sound discretion of the trial court, to be granted not as a matter of right but rather as necessary to correct a manifest injustice based on the facts of the individual case. (*People v. Walston,* 38 Ill.2d 39.) It has been stated that where it appears that the plea of guilty was entered on a misapprehension of the facts or the law, or in consequence of misrepresentations by counsel or the State's Attorney or someone else in authority, or the case is one where there is doubt of the guilt of the accused, or where the accused has a defense worthy of consideration by a jury, or where the ends of justice will be better served by submitting the case to a jury, the court should permit the withdrawal of the plea. (*People v. Morreale,* 412 Ill. 528.) On the other hand, the mere fact that an accused knowing his rights and the consequences of his act, hopes and believes that he will receive a shorter sentence, or milder punishment or some other favor by pleading guilty than he would upon a trial and conviction by a jury, presents no ground for permitting withdrawal of the plea after he finds his expectation has not been realized. *People v. Grabowski,* 12 Ill.2d 462; *People v. Hancasky,* 410 Ill. 148.

In the case before us defendant argues only that he was persuaded to

plead guilty by his father and his sister, that his plea was therefore involuntary, and the ends of justice will be better served by allowing him to withdraw his plea. Affidavits of his father and sister were attached to his petition and they do allege that they persuaded defendant to plea guilty on the morning of the trial date because his attorney had told them that the State had two witnesses who would testify that defendant had attacked the decedent with a knife some months prior to the murder, and that on a plea of guilty defendant would likely get 14 to 20 years in the penitentiary whereas after a jury trial he might get life imprisonment or even the death penalty.

■■ We do not feel that the facts of this case meet the guidelines above set forth for permitting a withdrawal of defendant's guilty plea. He makes no claim of any unfulfilled promises relating to sentence, nor does he object in any way to any act of the Judge, or the State's Attorney, or any other person in authority. Though the affidavits of his father and sister would appear to imply that defendant's attorney misinformed them, there is no such accusation in defendant's petition, and, in his brief, he specifically states that he does not question the integrity or motive of his attorney. Neither does he at any time deny the possibility that the State might have been able to prove that he attacked the decedent with a knife sometime prior to the murder, which testimony could have been most damaging to him in a jury trial just as his father and sister had probably reasoned. His defense in the case, if any, is unknown for he offers nothing in his petition other than the bare allegation that he is not guilty. In contrast it is readily apparent from the record that at the time of his guilty plea defendant was fully and painstakingly informed of his rights and the consequences of his plea. He was not rushed; there was no confusion or coercion of any kind. As an intelligent, 41 year old, high school graduate, he was fully able to assess his situation, accept or reject the advice of his father and sister as he might do on any serious question, and make his own decision based on such advice and such other facts as were peculiarly within his own knowledge. We are aware of no reason why the ends of justice would be better served by allowing him to withdraw his plea. We are of the opinion, therefore, that the trial court did not err in denying defendant's petition to withdraw his plea of guilty and enter a plea of not guilty.

We have considered the cases cited by defendant in support of his position and find them inapplicable to the facts of this case as is readily apparent from the following brief summary. In *People v. Riebe*, 40 Ill.2d 565, the trial judge personally participated in sentence negotiations with the defendant and though he in effect promised him a 20 year minimum sentence he later changed his mind and imposed a minimum sentence

of 30 years. It was held that such influence upon defendant's decision was wrongful and that fairness required that defendant be informed of the court's change of mind and be given an opportunity to withdraw his plea of guilty. In *People v. Schraeberg*, 340 Ill. 620, though it is generally stated that the least surprise or influence causing a defendant to plead guilty should be sufficient cause to permit a change of plea, it was actually held that defendant was entitled to change his plea because it was clear from the record that defendant had not been adequately admonished, that not only was defendant under a misapprehension as to the consequences of his plea but also the court itself was under a misapprehension as to the charge and its penalty, and that, in effect, the defendant was coerced into attempting to make terms with the State's Attorney without sufficient time or assistance of counsel.

The judgment of the Circuit Court of Madison County is affirmed.

EBERSPACHER and JONES, JJ., concur.