THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLIFTON WASH, Defendant-Appellant.

(No. 11901;

Fourth District—November 22, 1972.

Robert T. Trimpe, of Champaign, for appellant.

No appearance for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant pleaded guilty to two charges of burglary of separate residences. Concurrent sentences of one to ten years were imposed. He appeals.

Counsel on appeal has filed a certificate stating that he has communicated personally with defendant as well as by correspondence, together

with a statement in substantial compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 and 18 L.Ed.2d 493. Defendant has not filed any *pro se* statement of points or suggestions as allowed by order of this court.

The record shows that defendant moved to withdraw his pleas of not guilty after procuring pre-trial discovery disclosing that his fingerprints were found in each of the respective premises, as well as other identifying data. Upon such motion to withdraw the not guilty pleas, the court admonished under Supreme Court Rule 402 as to the nature of the offenses and the possible sentences, the right to a jury trial and the examination of witnesses. Defendant stated in open court that the pleas were voluntary and made without coercion. The court found a factual basis in the pleas upon defendant's responses to direct questions as to each burglary.

We have examined a further issue suggested by the record. Following the pleas of guilty, defendant was released on bond. He failed to appear at the scheduled hearing upon probation and his bond was forfeited. Ultimately returned to Illinois, defendant filed motions to withdraw his pleas of guilty supported by an affidavit upon "information and belief".

The defendant testified at the hearing conducted by the court upon the several allegations in the motion. The evidence supports the court's specific findings: (1) that defendant's "impression" at the time of the plea that he could withdraw his pleas of guilty at any time was not the result of any part of these proceedings; (2) that as to his "impression" that he would be released on bond, he was, in fact, so released, and (3) that as to his "belief" that the sentences would be one to ten years if probation was denied, no sentence had been fixed as of the time of the motion. We note that such sentences were, in fact, imposed. There was also an allegation that there was no record of the plea bargaining. Defendant apparently refers to para. (d) of Supreme Court Rule 402. The record shows that the court did not participate in any plea negotiations.

Upon the authority of *People v. Spicer*, 47 Ill.2d 114, 264 N.E.2d 181, defendant has failed to show any misapprehension of the law or of the facts, and there was no effort to show a defense worthy of consideration of facts suggesting a doubt of guilt. We find no abuse of discretion in the court's denial of the motion to withdraw the pleas.

The motion of counsel to withdraw is allowed and the judgments of conviction are affirmed.

Judgments affirmed.

CRAVEN and SMITH, JJ., concur.