THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE E. GIBSON, Defendant-Appellant.

(No. 72-137;

Second District—May 25, 1973.

Foos & Sexner, Ltd., of Chicago, (William L. Meyers, of counsel,) for appellant.

William V. Hopf, State's Attorney, of Wheaton, for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

Defendant entered into a plea agreement and was sentenced to 2-4 years for theft of four tires and rims of a value of over $150. The mittimus was stayed for fourteen days so that he could put his affairs in order. During this period he obtained the services of another lawyer and moved

to withdraw his negotiated plea of guilty. The court after a somewhat extended hearing denied the motion.

The defendant was apprehended in the act of stealing four tires and rims from a new car in a parking lot of the Shamrock Oldsmobile agency. At the time of his arrest he was placing one of the four tires in his car and the other three tires and rims were on the ground nearby.

Defendant was first represented by the public defender. He then employed private counsel, Robert J. Wojcik, who filed motions for pretrial discovery and for substitution of judges, both of which motions were granted. Approximately seven weeks later after several pretrial conferences with the State's Attorney, the defendant moved to withdraw his plea of guilty and enter into a negotiated plea of guilty. The facts of the theft were stipulated to by the State and defendant's counsel, and after being admonished by the trial court as to his rights, the negotiated plea was accepted by the court.

The first contention of the defendant is that the admonition of the trial court pursuant to Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402(b)) was insufficient, the specific allegation being that while defendant was asked as to whether any "promises" were made to him for his plea of guilty, the court did not inquire whether any "force or threats" were used. The court then advised the defendant of his right to persist in his plea of not guilty, his right to remain silent, his right to a jury trial, and the confrontation of the witnesses. The court further inquired of the defendant as to whether he wished to waive his rights and if he were making a voluntary plea of guilty, to which the defendant replied "Yes, I just want to get it over with." In addition, the defendant was asked by the court whether he was satisfied with the agreement that his counsel had made with the State's Attorney, to which the defendant replied in the affirmative. Lastly, the defendant was asked in front of the Judge whether any promises were made for his plea of guilty to which the defendant answered "No." The court thereupon accepted the plea and imposed the sentence pursuant to the negotiated plea agreement as disclosed to the court.

The State insists that substantial compliance was had with Supreme Court Rule 402(b) and that the totality of his statements indicated that the defendant was not acting under any threat or coercion in entering into the plea agreement. This court is unable to find any case in Illinois involving the omission of inquiry as to force or threats as set forth in Supreme Court Rule 402(b).

In *People v. Covington* (1970), 45 Ill.2d 105, 257 N.E.2d 106, the court stated at 109:

"Again in respect to all convictions, the petition alleged that the change of pleas had been induced by fear engendered in defendant by representations of his counsel that he would receive more severe sentences if he did not plead guilty. The record shows that defendant had made extra-judicial admissions of guilt as to three of his crimes; that he had, in two instances, been apprehended near the scene with weapons and the proceeds of the robberies in his possession; and that he had been identified by victims of all of the robberies. If he thus had any fear as to the results of trial, it arose out of his own conduct and therefore did not render his guilty pleas involuntary. [Citation.] Moreover, so far as the 1968 conviction is concerned, the record discloses that defendant changed his plea after an agreement had been reached with the court that his sentence would be 4 to 8 years."

In *People v. Scott* (1969), 43 Ill.2d 135, 251 N.E.2d 190, the court stated at 142:

"The claim that the pleas were involuntary is based upon the defendant's testimony that he was threatened with a sentence of 40 to 80 years if he did not plead guilty and promised a recommendation of 10 to 25 years if he entered such a plea. It is probably true that the defendant feared that a severe sentence would be imposed. If he were, in fact, guilty of the vicious offenses described by the victims his apprehension was well founded, but this fear arose out of his own conduct. [Citation.] According to the testimony of counsel at the post-conviction hearing, which was believed by the trial judge, the defendant had admitted his guilt of all of the offenses and the fact that he feared the imposition of a severe sentence does not render the pleas involuntary. Nor does the fact that the prosecutor recommended a reduced sentence constitute duress. [Citation.] The record does not support defendant's claim that his pleas of guilty were involuntary."

Under *People v. Worley* (1966), 35 Ill.2d 574, 576, 221 N.E.2d 267, the court stated:

"The general rule is that it is within the sound discretion of the trial court whether a plea of guilty may be withdrawn. [Citations.] This discretion will ordinarily not be disturbed unless it appears that the guilty plea was entered through a misapprehension of the facts or of law, that defendant has a defense worthy of consideration, or where there is a doubt of the guilt of the accused and the ends of justice would better be served by submitting the case to a trial. [Citations.] Defendants do not contend that they entered pleas of guilty through misapprehension of the facts or

law. The record shows they were thoroughly admonished of the nature of the charge, their constitutional rights to trial, and the consequences of their pleas of guilty. There is nothing in the record to show that defendants had any defense to the charges of burglary."

Where the defendant is apprehended in the act of committing a crime of theft and the facts are stipulated, it is difficult to ascertain what meritorious defense could be raised. (See also *People v. Spicer* (1970), 47 Ill.2d 114, 264 N.E.2d 181; *People v. Wash* (1972), 8 Ill.App.3d 686, 290 N.E.2d 409.) The defendant was not a novice having previously been convicted and having previously served a sentence of 4-7 years in the state penitentiary. It is obvious because of his record the defendant desired to enter into a plea of guilty because of this fact. The new counsel for the defendant in his motion to withdraw the plea of guilty argued that the negotiated plea was entered into as a result of threats and coercion. The trial court found that no threats affected the decision of the defendant, and overruled the motion for leave to withdraw the negotiated plea. Considering the entire admonition of the court to the defendant and defendant's acquiescence we are of the opinion that the negotiated plea was voluntarily entered into.

■■ Since the adoption of Supreme Court Rule 402 it has been stated repeatedly that upon a plea of guilty that substantial compliance with the rule is sufficient. The most recent case in this regard is *People v. Jackson* (1973), 10 Ill.App.3d 146, 294 N.E.2d 36, where the court stated that it was not necessary that there be strict or literal compliance with Supreme Court Rule 402 and that substantial compliance was sufficient. We are not swayed by new counsel's statement that defendant's previously retained counsel coerced the defendant into pleading guilty. While the better practice might have been for the trial court to include an inquiry as to threats or force in the instant case where there was a negotiated plea of guilty upon stipulated facts, we find that there was substantial compliance by the trial court with the requirements of Supreme Court Rule 402 in accepting the plea of guilty.

■■ Defendant next contends that the court should have held a hearing in aggravation and mitigation. His counsel insists that such a hearing is mandatory unless waived by the defendant. This contention is without merit. The hearing in mitigation and aggravation must be requested by the defendant and if he does not do so he is deemed to have waived that right. *People v. Fuca* (1969), 43 Ill.2d 182, 185; *People v. Nelson* (1968), 41 Ill.2d 364, 367.

■■ The basic contention of the defendant herein is whether the court abused its discretion in not allowing the defendant to withdraw his plea

of guilty. This contention is based primarily upon defendant's new counsel contending or insisting that the prior retained counsel of defendant was incompetent and unprofessional to the point where defendant was denied due process. At a separate hearing conducted by the trial court to ascertain whether the motion to allow defendant to withdraw his negotiated plea should be granted, the State called the defendant's prior counsel who testified as to his experience in criminal matters. He had been an Assistant State's Attorney for Cook County for a period of over three years, had handled over a thousand criminal cases, and his primary practice involved criminal matters. It could scarcely be said that Mr. Wojcik was incompetent or unprofessional. He testified in his considered opinion that in view of the fact that defendant had served 4-7 years in a burglary charge, he advised the defendant and defendant's step-father that defendant should plead guilty under a negotiated plea. This attorney conferred with the State's Attorney upon several occasions who insisted upon a greater sentence at first and finally agreed to a sentence of 2-4 years. This was conveyed to the defendant and his step-father and counsel stated that he did not want to appear ridiculous in trying a case but if the defendant wanted it tried on a not guilty plea, he was willing to do so. Defendant's new counsel, in support of his contention that his prior counsel was incompetent, insists that prior counsel did not ascertain the value of four new tires and four new rims. Prior counsel testified that he had called two car dealers and ascertained that the value of one rim and tire was at least $80. It was stipulated upon the negotiated plea of guilty and the factual determination by the court, that the value of the four new tires and rims exceeded $150. In our opinion the conduct of the private counsel was neither incompetent nor unprofessional.

■■ As the court stated in *People v. McNair* (1971), 133 Ill.App.2d 832, 272 N.E.2d 286, 288, the standard for review of an order denying a motion for withdrawal of a guilty plea is well established.

> "* * * Permission to do so rests in the sound discretion of the trial court, to be granted not as a matter of right but rather as necessary to correct a manifest injustice based on the facts of the individual case. [Citation.] It has been stated that where it appears that the plea of guilty was entered on a misapprehension of the facts or the law, or in consequence of misrepresentations by counsel or the State's Attorney or someone else in authority, or the case is one where there is doubt of the guilt of the accused, or where the accused has a defense worthy of consideration by a jury, or where the ends of justice will be better served by submitting the case to a jury, the court should permit the withdrawal of the plea. [Citation.] On the other hand, the mere fact that an

accused knowing his rights and the consequences of his act, hopes and believes that he will receive a shorter sentence, or milder punishment or some other favor of pleading guilty than he would upon a trial and conviction by a jury, presents no ground for permitting withdrawal of the plea after he finds his expectation has not been realized. [Citations.]"

The last contention of the defendant is that the sentence of 2-4 years is excessive. It appears that another party was with the defendant at the time of the theft. Upon a plea of guilty of theft of less than $150 the other party was granted probation for a period of six months and fined $50.

■■■ Defendant concedes that a reviewing court is not compelled to reverse or reduce a sentence because of disparity. While we do not have the record, if any, of the co-defendant before us, it is obvious that the greater sentence was imposed because of the defendant's prior felony conviction.

■■■ In the instant case even though this was a negotiated plea, in our opinion the Unified Code of Corrections is applicable. (Ill. Rev. Stat., 1972 Supp., ch. 38, sec. 1003—1—2 *et seq.*, effective January 1, 1973.) We have previously held in similar instances that a case has not reached final adjudication within the meaning of this statute when it is on appeal to us on the merits. The offense of theft of property exceeding $150 is a Class 3 felony. (Ill. Rev. Stat. 1972, Supp., ch. 38, sec. 16—1(e)(2).) Sentence for a Class 3 felony may be from 1 to 10 years, but the minimum shall not exceed one third of the maximum. (Ill. Rev. Stat., 1972 Supp., ch. 38, sec. 1005—8—1 (b) (4) and (c) (4).) Under the authority of Supreme Court Rule 615 (b) the sentence is therefore reduced to a minimum of one year and four months and a maximum of four years.

Conviction affirmed; sentence modified.

SEIDENFELD and ABRAHAMSON, JJ., concur.