THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LAWRENCE BROWN, Defendant-Appellant.

(Nos. 11916-11979 cons.;

Fourth District—May 16, 1973.

Larry P. Cramer, of Urbana, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana, (Roy E. Clark, Senior Law Student, of counsel,) for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On February 9, 1970, the defendant-appellant Lawrence Brown entered a plea of guilty to the crime of robbery in the Circuit Court of Champaign County in Cause 69-X-1951. This case is designated on appeal as our general number 11916. On February 27, 1970, he was admitted to probation for a period of three years.

On September 28, 1971, in the same court, in Cause 71-X-1470 (which is designated on appeal as our general number 11979), the defendant was indicted for the offense of unlawful use of weapons in violation of chapter 38, section 24—1(a)(7), Ill. Rev. Stat. 1969. On October 27, 1971, following a hearing, the trial judge denied the defendant's motion to suppress evidence (the firearm in question seized at the time of defendant's arrest). On December 1, 1971, defendant entered a plea of guilty to the charge with the understanding that the State's Attorney would recommend a sentence of 2 to 5 years in the penitentiary. Prior to accepting the plea, pursuant to the provisions of Supreme Court Rule 402, the trial judge advised the defendant that "* * * you understand that you are offering to enter a plea of guilty to the charge that on the 12th day of August, 1971, * * * you committed the offense of unlawful possession of firearms *in that you did knowingly possess* * * * a .410 gauge shotgun with a barrel less than 18 inches in length * * * *and that you had this unlawful possession on the 12th day of August, 1971. Do you understand that charge?*" To which defendant responded in the affirmative. The judge also asked the defendant "And are you pleading guilty to this charge because you are in fact guilty of it?" Defendant responded "Yes Sir." The judge then inquired about the factual basis for the plea and was advised by the State's Attorney as follows: "Your Honor, if we had to prove this case the State would show that on the date in the indictment the defendant, Mr. Brown, was found in a house, I believe the address was 212 Maple Street, in Champaign. The police entered the house upon request of a Mrs. Frazier, and upon entering the house they found the defendant in one bedroom, and when he entered—when he exited the bedroom upon the police requests, they found in the bed he had just gotten out of a sawed-off .410 gauge shotgun, with a barrel less than eighteen inches in length."

The court then inquired of defendant's counsel whether he had anything to add to the State's Attorney's statement and received a negative response. The record establishes a careful thorough admonishment, by the trial judge, in compliance with Rule 402. He found that the plea was voluntary, that there had been no threats or misrepresentations and no recommendation or promise other than the recommendation of the State's Attorney as to sentence and found that there was a factual basis for the plea, all of which is amply supported by the record. At the conclusion of the admonishment and after making the above findings the court again inquired of the defendant as to whether or not he still wanted to plead guilty and the defendant responded that he did. Whereupon the court accepted the plea and entered judgment thereon. The defendant then moved to postpone sentencing to the second week in January; the

State's Attorney interposed on objection and the cause was then continued to Wednesday, January 12, 1972, for hearing in aggravation and mitigation and imposition of sentence. Defendant had been represented since the inception of these proceedings by counsel of his own choice, and this representation commenced prior to the preliminary hearing being held.

■■ On December 29, 1971, the defendant through his attorney filed a motion for leave to withdraw his plea of guilty stating that he "*  *  * does not believe that he is in fact guilty of the charge and that he and his attorney are in disagreement about the handling of the case.  *  *  *." On the same day defendant's counsel filed a petition for leave to withdraw as counsel for the defendant. The motion recited that the plea of guilty had been entered as a result of plea bargaining, that within two or three days thereafter the defendant phoned counsel and "*  *  * indicated that he was dissatisfied with the plea and that he disagreed with the undersigned's handling of the case  *  *  *.", and had requested that a motion be filed to withdraw the plea at which time counsel indicated to the defendant that he did not wish to participate in the motion to withdraw the plea and requested the defendant to obtain other counsel. On January 5, 1972, the court allowed the motion of counsel to withdraw and another attorney, of defendant's own selection, then entered his appearance.

On January 12, 1972, the court heard defendant's motion to withdraw his plea of guilty. The defendant testified in his own behalf and was the only witness called in the hearing on the motion and stated the following in response to his attorney's questions:

"Q. And do you feel you are innocent in this case after having discussed the law with me?

A. I am innocent.

*  *  *

Q. But as a matter of fact after discussing the law in regard to this case, and this charge, you feel you are not guilty, is that true?

A. That's right."

The court then inquired:

"THE COURT: Mr. Brown, was anything misrepresented to you by Mr. Harper, or by the State's Attorney, or by the Court at the time you pleaded guilty?"

and the defendant responded in the negative. The defendant agreed that the recommendation of the State's Attorney was the one which his original attorney had communicated to him. Defendant's attorney then stated to the court that he was contending that the defendant was under

a misapprehension "* * * I think as to the law, Judge." He stated to the court that although the defendant had the weapon in question in bed with him that he wasn't guilty if he did not know that the gun was in his possession. The defendant then testified that he did not know that the gun was in the bed the night he was arrested. The defendant also testified that the gun in question did not belong to him. The court then denied the motion for leave to withdraw the plea; the hearing in aggravation and mitigation was held and defendant was sentenced to an indeterminate term of 2 to 5 years in the penitentiary and this appeal ensued.

As a result of defendant's conviction of the crime of unlawful use of weapons his probation on the robbery conviction was revoked on February 4, 1972, and the defendant was sentenced on the robbery charge to an indeterminate term of 2 to 5 years, the sentence to run concurrently with the sentence imposed on the unlawful-weapons charge.

The sole question presented by the appeal was whether the trial court committed reversible error in refusing to permit defendant to withdraw his plea of guilty. The appeal from the robbery conviction depends upon the resolution of this sole issue since defendant urges that if there was error in refusing to permit him to withdraw his plea of guilty then the robbery sentence cannot stand since his probation should not have been revoked. The cases were consolidated, for purposes of opinion, in this court.

It appears from the record that the home of one Mary Atherson is located on Maple Street in the City of Champaign. Atherson's mother, Roberta Frazier, went to the house for personal reasons and discovered that a window had been broken and was open. She went upstairs and found the defendant in one of the bedrooms and another male person (not the defendant) in one of the other bedrooms and this latter individual had by his side what she described as a long barreled rifle. Two officers went to the scene, found a broken window, entered through the window, went upstairs and arrested the two male subjects, one of which was the defendant. The trial court found that the defendant "* * * was gotten out of a bed on which there was a bedsheet and lined up against the wall with apparently nothing on but a T shirt: * * *" the officers "* * * then pulled up the sheet and recovered the gun that is the subject of a motion to suppress." He also found that the officers had already found a gun in the other room in plain view that they had a right to protect themselves and look under the sheet of the bed in which defendant was sleeping when arrested and that "at the time the gun was recovered it was in the immediate area of said defendant and

could have been recovered by him by taking a step or two if the opportunity presented itself."

The defendant also made some complaint to the effect that he was coerced by his original attorney into entering the plea although he had, in response to numerous questions addressed to him by the court at the time the plea was entered said that he had been subjected to no mistreatment or threats or promises of any kind made to induce him to enter the plea. On appeal he states that "the gist of this appeal deals with defendant's lack of a mental state required." The essence of defendant's position seems to be that he now says that a gun was in the same bed in which he had been sleeping, but that he was unaware of that fact at the time. Defendant goes on to argue that a guilty plea "cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts," citing *McCarthy v. United States*, 394 U.S. 459, 466.

The trial court in denying the motion to withdraw the plea found that there was no misapprehension of the facts, that there was no misrepresentation by defendant's counsel or by the State's Attorney at the time the defendant entered his plea, that in the court's opinion, the defendant had no defense worthy of consideration by the court.

■■■ Both the defendant and the People rely on the case of *People v. Walston*, 38 Ill.2d 39, 230 N.E.2d 233. *Walston* is clearly distinguishable from the present case. There the defendant moved to withdraw his plea of guilty in a written motion which asserted that he was innocent and had pleaded guilty to a crime which he did not commit, and that he had done so because he believed he would be placed on probation. The trial judge refused to hear the testimony of the public defender in support of the motion. The court reversed saying that "The difficulty lies in the fact that, while not articulated in the trial court motions, defendant's plea of guilty could have resulted from some misunderstanding by counsel or defendant. A showing of such misunderstanding or misrepresentation is normally the obligation of the defendant seeking to withdraw a guilty plea before a trial court will be said to have abused its discretion in refusing to permit such withdrawal, but in the circumstances of this case we believe the trial court's refusal to hear Singer's testimony constituted error, for that testimony presumably would have eliminated the prevailing uncertainty." The court remanded the cause for an evidentiary hearing to determine whether the defendant had entered his plea of guilty because of any misunderstanding by defendant or misrepresentation by counsel. In *Walston*, the court held that permission to withdraw a plea of guilty and enter a plea of not guilty is a matter which is within the dis-

cretion of the trial court which is to be exercised in the favor of innocence but also stated "We do not believe that a statement of innocence, accompanied by a motion to withdraw a plea of guilty by a defendant theretofore adequately informed of the nature of the charge to which he was admitting guilt and adequately admonished as to the possible consequences of such plea, is sufficient of itself to require allowance of such motion."

■■■ On a motion to withdraw a plea of guilty, the defendant has the burden to establish in some manner a misunderstanding or misrepresentation or that the ends of justice require that the plea of guilty be withdrawn. (*People v. Olden*, 130 Ill.App.2d 773, 266 N.E.2d 404.) Here the defendant concedes that he was fully and completely admonished under the requirements of Rule 402 and, as we have observed, the record amply demonstrates that fact. He also concedes that no misrepresentations were made to him by his original attorney, by the State's Attorney or by anyone else in authority. The defendant was 20 years of age at the crime this plea was taken and before being expelled had completed two years of high school. There is nothing in the record to indicate, nor does defendant here contend, that he was incapable of comprehending the meaning of plain words. We also observe that defendant at no time testified during the hearing on the motion to suppress, that he did not understand the import of the words when the court explained to him that he was charged with the offense of unlawful possession of firearms "in that you did knowingly possess * * * a .410 gauge shotgun with a barrel less than 18 inches in length * * * and that you had this unlawful possession on the 12th day of August, 1971." In fact, the defendant in response to that statement of the trial judge's said that he did understand the charge. He had been similarly advised during arraignment. Under the circumstances disclosed by this record, we find no abuse of discretion on the part of the trial judge in denying defendant's motion to withdraw his plea of guilty.

The sentences in cases pending on appeal are subject to the provisions of the Code of Corrections which became effective January 1, 1973. (*People v. Mize*, 9 Ill.App.3d 647, 292 N.E.2d 731; *People v. Lobb*, 9 Ill.App.3d 650, 273 N.E.2d 206.) Ill. Rev. Stat., 1972 Supp., ch. 38, par. 18—1(b), defines defendant's robbery conviction as a Class 2 felony and par. 24—1(a)(7) defines defendant's conviction for unlawful use of weapons as a Class 4 felony. Section 5—8—1(b)(3) of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(b) (3)) provides that the maximum term for a Class 2 felony shall be any term in excess of one year not exceeding 20 years. Subparagraph (c)(3) provides that the minimum term imposed for a Class 2 felony shall not

be greater than one third of the maximum term fixed by the court. Since the defendant was sentenced 2 to 5 years on the robbery conviction the minimum term exceeds one third of the maximum term the minimum term is modified to one year and eight months.

As to defendant's sentence of 2 to 5 years on the conviction for unlawful use of weapons, section 5—8—1(b)(5) of the Code (par. 1005—8—1(b)(5)) provides that the maximum term for a Class 4 felony shall be any term in excess of one year not exceeding three years and subparagraph (c)(5) of that section provides that the minimum term shall be one year in all cases. Therefore defendant's minimum sentence for unlawful use of weapons is reduced to one year and the maximum sentence is reduced to three years.

Defendant's sentence for robbery in case 69—X—1951, our general number 11916, as modified, is affirmed.

Defendant's conviction in case 71—X—1470, our general number 11979, with sentence as modified, is affirmed. The causes are remanded to the circuit court with directions to issue an amended mittimus in each case to reflect the modification of sentences.

Judgments affirmed, sentences modified, causes remanded with directions.

SMITH, P. J., and TRAPP, J., concur.