The People of the State of Illinois, Plaintiff-Appellee, *v.* Michael Linden, Defendant-Appellant.

(No. 73-113;

Second District—April 8, 1975.

Ralph Ruebner, of the State Appellate Defender's Office, of Elgin, for appellant.

William E. Sisler, State's Attorney, of Freeport (James W. Jerz and Edward N. Morris, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant pled guilty to the charge of unlawful possession of marijuana (Ill. Rev. Stat. 1971, ch. 56½, par. 704(d)) and was granted 2-years' probation with the first 6 months to be served in jail under a work release program. Shortly thereafter he moved to withdraw his guilty plea; this was denied. He appeals, claiming that the trial court abused its discretion in denying his motion and that he was denied effective assistance of counsel at his guilty-plea hearing.

On December 29, 1972, defendant, represented by appointed counsel, appeared in open court and, under the terms of a negotiated agreement, pled guilty to the above charge. Prior to accepting defendant's plea, and pursuant to Supreme Court Rule 402, the trial court informed the defendant, and determined that he understood, the nature of the charge, the possible sentences, his right to plead guilty or not guilty, and that by pleading guilty he waived his rights to trial by jury, confrontation by adverse witnesses and self-incrimination.

Thereafter, the trial court caused the State's attorney to relate the

terms of the plea agreement, confirmed the agreement by questioning the defendant, and further determined that the plea was not the result of any force, threats or any promises other than the plea agreement itself. Defendant was then given the opportunity to withdraw or reaffirm his plea of guilty; he reaffirmed it.

The trial court proceeded to determine if there was a factual basis for the plea, first asking defendant to explain what had taken place. Defendant stated that, on the day of his arrest, he had allowed two police officers to search his apartment. Asserting that he really did not know what they were looking for, defendant said, "I had an idea. I thought there might be something in the house, but I wasn't sure because of a friend I had there one time." Thereafter, the following dialogue took place between the court and the defendant:

"Q. Did they find anything in your possession in that house?

A. Yes, they did.

Q. What did they find?

A. They found a bag of seed and some stems.

Q. And the bag of seeds and some stems, are they the object of what is called in the indictment, 'Cannabis?'

A. Yes, I believe it is.

Q. Now you understand you are pleading guilty to this charge, and the charge says you are the one who possessed it, is that true?

A. It was in my house so it has to be in my possession."

Asked by the court if he wished to make a report, the State's attorney related that the defendant lived in a rented apartment; that the owner's daughter had reported considerable activity between the defendant's apartment and an outbuilding and suspected that the defendant was in possession of marijuana; that on the basis of this information, surveillance was initiated which disclosed the defendant and others entering the outbuilding, the other persons leaving with brown paper bags; that these activities led to a search of the outbuilding with consent of the owner; that the search disclosed 345 grams of marijuana and after this discovery, the officers went to the defendant's apartment, obtained his consent to search, and discovered another 79 grams of marijuana and a cake pan lid used for drying marijuana, along with the residue of marijuana, in the oven. It was further reported that at the time of his arrest, the defendant said he used the leaves for making tea and, during an interview, defendant's wife said that defendant and one Mike "Swede" Olson were involved in processing the marijuana leaves. The State asserted it had witnesses who would testify to the above facts. The trial court asked the defendant if he wished then to withdraw his plea of guilty; defendant declined to do so. Having determined the factual basis for the plea and

the fact that the defendant had no prior criminal record, the court accepted the plea.

On January 4, 1973, defendant, represented by privately retained counsel, moved to vacate his plea of guilty. Both the motion and the accompanying sworn affidavit of the defendant stated, in relevant part, that defendant pled guilty under a misapprehension of the law believing that because the marijuana was in his apartment it was automatically in his possession; that his former attorney did not inform him to the contrary; that the defendant did not own or exert any control over the marijuana, was not aware of its location, and that it was under the control of one Michael Olson who has fled the jurisdiction.

The State filed a motion to dismiss defendant's motion to vacate the plea of guilty. The trial court, after hearing arguments, dismissed defendant's motion without an evidentiary hearing.

Defendant contends that his motion to withdraw the guilty plea should have been allowed due to the fact that his plea was entered under a misapprehension of the law. The issue arises out of the statement, "It was my house so it has to be in my possession." The defendant sought in the trial court, and now seeks in this court, to have the statement taken as indicating a misapprehension of law.

■■ The decision of whether to allow the withdrawal of a plea of guilty, once entered, is within the sound discretion of the trial court. (*People v. Farnham,* 8 Ill.App.3d 722, 724 (1972); *People v. Christman,* 128 Ill.App..2d 232, 240 (1970).) Permission to withdraw a plea of guilty should be granted not as a matter of right but rather if necessary to correct a *manifest injustice based on the facts of the case.* (*People v. McNair,* 133 Ill.App.2d 832, 833 (1971).) The defendant bears the burden of proof. *People v. Brown,* 11 Ill.App.3d 362, 368 (1973).

■■ The trial court's determination will not be disturbed unless the facts show that the plea of guilty was entered under a misapprehension of law or fact, that the defendant has a defense worthy of consideration or that there is a doubt of the guilt of the accused and the ends of justice would better be served by a trial. (*People v. Spicer,* 47 Ill.2d 114, 116 (1970).) An allegation of innocence is insufficient where the defendant has been adequately informed of the nature of the charge and the possible consequences of the plea. *People v. Pierce,* 48 Ill.2d 48, 54 (1971); *People v. Walston,* 38 Ill.2d 39, 44 (1967).

In the present cause, there is no question that the defendant was fully and completely admonished under Supreme Court Rule 402 and that he understood the statements of the court. Neither is there any question that defendant received the bargained-for sentence.

It is defendant's position that his plea of guilty was entered under a

misapprehension of the law in that he never knowingly had possession of the marijuana found in his home. This position is belied by the record. At the time of the plea of guilty, defendant was informed of the nature of the charge which in part included that he knowingly had in his possession the marijuana. When asked by the court if he understood this, his response was "yes." Part of the factual background related by the State at the time of the entry of the plea consisted of defendant's statement at the time of arrest in which he said he used the marijuana to make tea. Also included in the factual background was his wife's statement to the effect that he and one Olson processed marijuana, and this was substantiated by the cake pan lid and the residue in the oven. None of this was objected to by the defendant. Immediately after relation of these facts, the court specifically asked, "Do you at this time wish to withdraw your plea of guilty?", and defendant again answered, "No."

> "The requisite knowledge may be proved by evidence of acts, declarations or conduct from which it may fairly be inferred that the accused knew of the existence of the narcotics at the place they were found. [Citations.] Where narcotics are found on premises under the defendant's control, it may be inferred that he had requisite knowledge and possession, absent other facts and circumstances which might leave a reasonable doubt as to guilt * * *." *People v. Bell*, 53 Ill.2d 122, 126 (1972).

Defendant's second issue is premised on the fact that his trial counsel failed to inform him that he had a valid defense, *i.e.*, that he did not knowingly have possession of the marijuana. Having ascertained that defendant did have knowledge, under the circumstances, this issue must fail.

■■ In conclusion, we are of the opinion that the trial court did not abuse its discretion in denying defendant's motion to vacate the plea of guilty, and therefore the judgment is affirmed.

Judgment affirmed.

GUILD and RECHENMACHER, JJ., concur.