THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES TAYLOR, Defendant-Appellant.

Third District   No. 76-255

Opinion filed May 31, 1977.

Robert Agostinelli and Michael J. Pelletier, both of State Appellate Defender's Office, of Ottawa, for appellant.

Carl E. Hawkinson, State's Attorney, of Galesburg (Robert M. Hansen and James E. Hinterlong, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

The defendant in this case, Charles Taylor, was charged by indictment with the offenses of unlawful possession of a controlled substance and of unlawful delivery of a controlled substance, in violation of sections 402(b) and 401(b) of the Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, pars. 1402(b) and 1401(b)), respectively. A member of the Galesburg Public Defender's Office was appointed to represent the defendant.

At the arraignment, the defendant pleaded not guilty to both counts, but subsequently, he withdrew his not guilty plea to the possession count and tendered a blind plea of guilty. After the trial court advised the defendant of his rights and the consequences of his guilty plea, the defendant assured the trial court that no one had made any promises, offers or threats to him to induce the guilty plea and informed the court that he was satisfied with the representation by his appointed counsel.

In explaining the factual basis for the indictment to the trial court, the prosecutor stated that, following a lawful arrest, a search of the defendant revealed that the defendant was in possession of less than 30 grams of a substance which the crime lab later determined to be heroin. The trial court accepted the guilty plea, concluding that it was understandingly and voluntarily tendered, and on the State's motion, dismissed the second count of the indictment.

The defendant moved for the granting of probation and requested a presentence investigation report. This report, which recommended probation, was admitted in evidence at the hearing on the defendant's

motion and in aggravation and mitigation. After evidence was presented and arguments were heard the defendant's motion for probation was denied and the trial court, agreeing with the State's recommendation, sentenced the defendant to a term of imprisonment of not less than 1 nor more than 3 years. In addition, the trial court informed the defendant of his right to appeal and that, if there were any errors to which he objected, the defendant would be required to file a motion to withdraw the guilty plea and vacate the judgment.

Immediately after being so admonished, the defendant filed such a motion. That motion alleged, in part, that the defendant had steadfastly maintained his innocence to his appointed counsel, that the defendant pled guilty "due to circumstances surrounding said charge and against his better judgment and the dictates of his conscience," and that in pleading guilty, the defendant relied on the advice of counsel that he "felt" the defendant "stood an excellent chance of receiving probation * * *."

On June 2, 1976, a hearing was held on the defendant's motion, and the same attorney who had represented the defendant at the guilty plea proceedings again appeared on behalf of the defendant. Neither side presented witnesses. And in his argument before the trial court, the defense counsel contended only that the trial court abused its discretion in denying the defendant probation. The trial court concluded, however, that it had not abused its discretion and denied the defendant's motion. From this denial of his motion to withdraw the guilty plea and vacate the judgment, the defendant appeals.

■■ The only issue raised in this appeal is whether the defendant was denied the effective assistance of counsel where the defendant was represented by the same appointed counsel during the guilty plea proceedings and the proceedings held pursuant to the motion to vacate and where one of the grounds for the motion to vacate was that the defendant had entered the guilty plea in reliance on his counsel's advice. Although it is true that, if the public defender's office represents the defendant at trial and for a post-conviction motion based on the incompetence of counsel, there is a conflict of interest (*People v. Terry* (1970), 46 Ill. 2d 75, 262 N.E.2d 923; *People v. Smith* (1967), 37 Ill. 2d 622, 230 N.E.2d 169), we need not decide this issue because the fact that the defendant was represented by the same counsel during both guilty plea and withdrawal of guilty plea proceedings was harmless error.

If a guilty plea is induced by an unfulfilled promise of leniency, that guilty plea will be rendered void. (*People v. Carmichael* (1st Dist. 1974), 17 Ill. App. 3d 249, 307 N.E.2d 770.) However, a defendant who merely hopes for or believes he will get a shorter sentence by pleading guilty is not entitled to a withdrawal of a guilty plea. *People v. Marshall* (3d Dist. 1975), 30 Ill. App. 3d 17, 331 N.E.2d 566.

■■■ The facts in this case indicate that there was no promise to the defendant that he would receive probation. The defense counsel merely stated that he "felt" the defendant "stood an excellent chance of receiving probation * * *." Since the defendant merely believed or hoped for a probationary sentence, he is not entitled to a withdrawal of his guilty plea. For this reason, the fact that the defendant was represented by the same counsel during both guilty plea and withdrawal of guilty plea proceedings could not have influenced the result and, therefore, was harmless error. *Chapman v. California* (1967), 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824; *Fahy v. Connecticut* (1963), 375 U.S. 85, 11 L. Ed. 2d 171, 84 S. Ct. 229.

Accordingly, the action of the Circuit Court of Knox County denying the defendant's motion to withdraw the guilty plea and vacate the judgment is affirmed.

Affirmed.

STENGEL, P. J., and ALLOY, J., concur.