THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ARTHUR LANGE, Defendant-Appellant.

Fifth District  No. 76-356

Opinion filed April 18, 1978.

Michael J. Rosborough and Randy E. Blue, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish and Ann E. Singleton, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Defendant appeals the denial of his motion to withdraw his negotiated plea of guilty entered in the Circuit Court of Madison County to an information charging armed robbery.

Defendant, citing *People v. Samuels*, 42 Ill. App. 3d 642, 356 N.E.2d 563 (5th Dist. 1976), and *People v. Sorensen*, 49 Ill. App. 3d 984, 365 N.E.2d 171 (1977), argues that the court erred in conducting a hearing on defendant's motion to withdraw his guilty plea where the record failed to substantiate counsel's compliance with Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)).

The defendant represented by retained counsel entered a negotiated plea to armed robbery. Prior to sentencing, retained counsel filed a motion to withdraw defendant's plea alleging that defendant entered the plea under the impression that he would automatically receive a greater sentence if found guilty after trial and that he had received improper advice from "persons other than his family members or his attorney" concerning possible defenses available to him.

At the sentencing hearing, held on March 5, 1976, the court in colloquy with defendant addressed his motion reminding him that he had retained counsel and that his plea was knowingly entered. The defendant was sentenced to a term of four to six years. The court then suggested that another motion to withdraw be filed to insure that defendant's right to appeal be protected. Retained counsel requested leave to withdraw and that the court appoint the public defender to represent defendant. This was done.

A hearing was held on the motion to withdraw the guilty plea on June 25, 1976. At that hearing defendant was represented by an assistant public defender who represented to the court that he had consulted with the defendant and had nothing to add to the written motion filed on his behalf whereupon the court denied the motion. No certificate of counsel required by Rule 604(d) appears of record.

Rule 604(d) provides that a defendant's attorney shall file with the trial court a certificate stating that he has consulted with defendant "to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."

This court has required strict compliance with these requirements in *Samuels* and *Sorensen*. Other courts have required only substantial compliance with Rule 604(d). Thus in *People v. Evans*, 46 Ill. App. 3d 689, 361 N.E.2d 77 (4th Dist. 1977), the court observed that the rule made the filing of the certificate mandatory, but that the failure to file was harmless where the record revealed that counsel had examined the record and court file, amended defendant's *pro se* motion and adequately represented the defendant. It may not be accurate to state that *Evans* required only substantial compliance with Rule 604(d), rather that the court could determine from the record before it that failure to comply

was harmless error. *People v. Norris*, 46 Ill. App. 3d 536, 361 N.E.2d 105 (1st Dist. 1977), holds that substantial compliance is sufficient. The court found no such compliance, however, as the record did not reflect that counsel had consulted with the defendant.

We adhere to our holding in *Samuels*; however, we can determine from our examination of the record that the failure to comply strictly with Rule 604(d) in the instant case was harmless error. Defendant was advised in strict compliance with Rule 402 before entering a guilty plea. He received a minimum sentence of four years.

His written motion to withdraw filed by retained counsel does not raise any matter that would remotely be a defense to the crime charged; in fact, defendant has never suggested that he is not guilty of the offense charged or that he has any defense. The fact that he believed he would receive a greater sentence if found guilty after trial is of no consequence.

Defendant has actually had two hearings on his motion to withdraw. Prior to his sentencing hearing on March 5, 1976, retained counsel called to the court's attention that a motion to withdraw the guilty plea was on file and the merits of the motion were explored fully by the court. The transcript of the plea proceedings were before the court. This was reviewed by appointed counsel who stated of record at a second hearing on June 25, 1976, that he had consulted with the defendant and there was nothing that could be added to the written motion prepared by retained counsel. We have also examined the plea proceedings and the transcript of the discussion between the court and defendant. While we do not approve of the failure to comply strictly with the requirements of Rule 604(d), in this instance we must conclude that the noncompliance was harmless error. See *People v. Evans; People v. Thompson*, 50 Ill. App. 3d 51, 365 N.E.2d 255 (4th Dist. 1977).

Accordingly, the judgment of the Circuit Court of Madison County is affirmed.

Affirmed.

EBERSPACHER, P. J., and McCALLISTER, J., concur.