THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD LYELL, Defendant-Appellant.

Fifth District   No. 81—435

Opinion filed August 18, 1982.

Randy E. Blue and Dan W. Evers, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Randy Patchett, State's Attorney, of Marion (Stephen E. Norris and David J. Mullett, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

On June 23, 1981, the defendant Richard L. Lyell pled guilty to three counts of indecent liberties with a child and five counts of child pornography. A factual basis for these charges was presented to the court and on July 17, 1981, defendant was sentenced to a 15-year-term of imprisonment on each charge, to run concurrently. His counsel filed a written motion to withdraw the guilty plea on July 24, 1981. One month later, a hearing was held and this motion was denied.

On appeal, defendant first charges that the cause should be remanded for further proceedings on the motion to withdraw his plea of guilty because he was not provided with a transcript of the guilty plea proceedings. He charges further that defense counsel did not file a certificate of compliance under Supreme Court Rule 604(d) (73 Ill. 2d R. 604(d)) in the trial court, nor did he file an adequate certificate in this court.

Supreme Court Rule 604(d) provides that an indigent defendant should be furnished a copy of the transcript, as provided in Rule 402(e) (73 Ill. 2d R. 402(e)), without cost. It further provides that the defendant's attorney should file a certificate with the trial court stating that he has consulted with the defendant either by mail or in person and has ascertained the contentions of error in the entry of the plea of guilty and made any amendments to the motion necessary for adequate presentation of defects in those proceedings.

■ This court has insisted upon strict compliance with the requirements of Rule 604(d) in the past, ruling that it is reversible error for the trial court to conduct a hearing on the defendant's motion to withdraw a plea of guilty when no transcript of the guilty plea proceedings has been provided to the defendant. (*People v. Sorensen* (1977), 49 Ill. App. 3d 984, 365 N.E.2d 171.) The filing of a certificate of compliance under 604(d) is also mandatory, and generally the trial court does not hold a hearing on the motion to withdraw a plea of guilty until this certificate has been filed. (*People v. Dean* (1978), 61 Ill. App. 3d 612, 615, 378 N.E.2d 248.) However, the rule has been relaxed somewhat in situations in which the "court could determine

from the record before it that failure to comply was harmless error." *People v. Lange* (1978), 59 Ill. App. 3d 603, 604-05, 375 N.E.2d 919.

■ Here, an examination of the record shows that counsel's failure to comply strictly with Rule 604(d) did not significantly affect the outcome of the case. The attorney who filed and presented the motion to withdraw the plea of guilty on August 24, 1981, was the same attorney who had been appointed to represent defendant in March of that year. The attorney was present at the arraignment and plea proceedings in June and at the sentencing hearing in July. He consulted with defendant during this period. Thus, he was well acquainted with defendant's case and was aware of the possible defenses which Lyell would be able to raise in a motion to withdraw his plea. Since only one week lapsed between the sentencing hearing and the filing of the motion to withdraw the plea, it is unlikely that defense counsel forgot important details which a perusal of the transcript would have uncovered. In fact, after reading the record, we found no other facts which would have aided defendant in his motion. (*People v. Lange* (1978), 59 Ill. App. 3d 603, 605.) Thus, it is unnecessary to enter an order remanding the cause so that the defendant and his attorney can consult the transcript. As for the certificate, defense counsel filed a late certificate in this court in an attempt to comply with the statute.

It is also noteworthy that defendant had three opportunities to withdraw his guilty plea: on June 23, on July 1, and again on July 17. Each time that the trial court attempted to discuss the defendant's guilty plea, the defendant said he did not wish to change his mind. He admitted the State's allegations during these proceedings, and has not offered any evidence on appeal which would serve as a valid defense. He received adequate warnings regarding the consequences of his plea and was fully apprised of its significance. Thus, although we do not condone careless trial practice by counsel or court, we hold that the failure to adhere strictly to the formalities of Rule 604(d) in this case was harmless error. *People v. Hopson* (1981), 101 Ill. App. 3d 564, 574-75, 428 N.E.2d 680.

■ Defendant's second point of error is also without merit. He argues that he was denied effective assistance of counsel at the hearing on the motion to withdraw his guilty plea. It is apparent from the record that the outcome of this case would not have differed absent the alleged instances of incompetence. (*People v. Hopson* (1981), 101 Ill. App. 3d 564, 575.) Defendant was permitted a number of opportunities to address the court prior to August 24. The failure of his attorney to call him to testify at this motion hearing does not constitute ineffective assistance. He apparently had no meritorious argument to

make or he would have made it on appeal. Counsel is not required to make motions or engage in other trial tactics that are futile (see *People v. Calderon* (1981), 101 Ill. App. 3d 469, 476, 428 N.E.2d 571), and, in this particular case, defendant has presented no evidence which would indicate that his trial counsel should have argued anything other than that which he did argue.

■ Defendant also objects to inconsistencies between allegations in the factual basis submitted at the plea hearing and the substance of certain photographs which the court ordered included as a supplement to the record. The factual basis presented by counsel at the plea proceedings was adequate grounds on which to base defendant's arraignment and plea. It is immaterial that the record contains no nude photographs of Carla Bozarth. We are not confined to the photographs submitted. Police officers testified there were many more available. We must look only to the factual basis wherein the prosecuting attorney stated he would prove that "the defendant photographed their human genital areas or pubic areas." That statement is sufficient to bring the factual basis within the ambit of the child pornography statute. (Ill. Rev. Stat. 1979, ch. 38, par. 11—20a(a)(2)(F).) We may assume that, had the case proceeded to trial, the State would have proved the facts as alleged.

■ The defendant next argues that the above-mentioned statute does not apply to photographs of young girls in prepubertal and pubertal stages because the statute says "post-pubertal human genitals" (Ill. Rev. Stat. 1979, ch. 38, pars. 11—20a(a)(1)(B) and (a)(2)(F)). This argument is untenable. It would be absurd to preclude coverage of photographs taken of prepubescent and pubescent children since they were clearly meant to be included in the class of victims protected by the statute. We are not required to construe a statute in a way that renders it illogical or unjust. (*People v. Sansone* (1981), 94 Ill. App. 3d 271, 273, 418 N.E.2d 862.) The questioned phrase, in its entirety, reads "exhibition of post-pubertal human genitals or pubic areas." The obvious interpretation of the phrase is that "post-pubertal" modifies "genitals," but not "pubic areas."

■ Finally, we note that the trial court properly admonished defendant during the sentencing hearing. His thoughts about the future conduct of defendant were harmless speculation. The record shows that the court properly weighed the factors in aggravation and mitigation and reached a sound conclusion by taking into account the degree of harm caused by defendant's conduct. (*People v. Hunter* (1981), 101 Ill. App. 3d 692, 694-95, 428 N.E.2d 666.) We see no abuse of discretion in the trial court's approach.

Accordingly, we affirm the judgment of the circuit court of Williamson County.

Affirmed.

KASSERMAN and JONES, JJ., concur.