THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARK GABALA, Defendant-Appellant.

First District (6th Division)   No. 1—89—0487

Opinion filed March 8, 1991.

Samuel J. Cahnman, of Chicago (Susan Cottrell, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Howard D. Weisman, and Edward J. Barrett, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Mark J. Gabala, pleaded guilty to charges of battery and disorderly conduct arising from two unrelated offenses. He was sentenced to one year's conditional discharge, 16 weekends in the Cook County Department of Corrections, and a $10 fine. The trial court subsequently denied defendant's motion to withdraw his guilty

plea. Defendant appeals, contending that he should have been allowed to withdraw his guilty plea; the charges should have been severed before trial, or alternatively, he should have been granted a continuance; and that he was denied effective assistance of counsel.

On October 25, 1987, defendant was charged with the offenses of battery and resisting a peace officer, in violation of sections 12—3(a) and 31—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, pars. 12—3(a), 31—1, respectively). On November 24, 1987, a public defender was appointed to represent defendant. Two continuances were granted on those offenses.

On February 2, 1988, defendant was charged with disorderly conduct in violation of section 26—1(a)(1) of the Criminal Code (Ill. Rev. Stat. 1987, ch. 38, par. 26—1(a)(1)). In a separate incident, defendant was also charged on that date with criminal damage to property in violation of section 21—1(a) (Ill. Rev. Stat. 1987, ch. 38, par. 21—1(a)). On February 23, 1988, the court appointed a public defender. The cases against defendant arising out of the October and February offenses were consolidated, but the record does not reflect which party requested the consolidation.

Defendant was granted a continuance to March 22, 1988. The cases were again continued on August 17 and September 19, 1988, because defendant appeared late in court. The court issued bond forfeitures and warrants on those occasions. They were later withdrawn when defendant appeared. On October 26, 1988, the parties agreed to set November 16 as the trial date.

On November 16, 1988, defense counsel indicated that defendant was ready to proceed to trial on the February charges but requested a continuance on the October offenses because there were witnesses who were not present. The trial judge refused to grant the continuance, stating there was no question that defendant knew the case would be heard on November 16.

Pursuant to Rule 402 (107 Ill. 2d R. 402), the State, defendant, and assistant public defender entered into plea negotiations. The State offered to drop the resisting arrest charge arising out of the October offenses and the criminal damage to property charge arising out of the February arrest, in exchange for defendant's plea of guilty to the battery and disorderly conduct charges. The State's recommendation as to punishment was the sentence eventually imposed by the trial judge.

Prior to accepting defendant's guilty plea, the trial court informed him that by pleading guilty he was waiving his right to a jury trial or bench trial, his right to confront witnesses, and his right against self-incrimination. Defendant stated that he understood he was waiving

those rights by pleading guilty. Defendant also stated there were no threats or force made against him to induce the plea. Defendant indicated that he was making the agreement of his own free will.

The parties stipulated that the court had heard a sufficient factual basis for the battery and disorderly conduct offenses, and defendant pleaded guilty after having been admonished as to the maximum and minimum sentences in each case. The trial court accepted the plea, found defendant guilty of battery and disorderly conduct, and sentenced him. Following the sentencing, the trial court informed defendant that he could remove the guilty plea within 30 days by filing a petition setting forth the grounds as to why that plea should be withdrawn, and that if the court would not allow the guilty plea to be withdrawn, an appeal could be sought.

Defendant filed a timely *pro se* motion to withdraw his guilty plea, contending that he was not informed that his trial was scheduled for November 16, and that there were witnesses important to his defense who were not present. The public defender subsequently amended that motion. The court denied defendant's motion to withdraw the guilty plea, finding that a factual basis had been established for each offense, and that defendant was properly admonished before pleading guilty.

On appeal, defendant, represented by appointed counsel, contends that the trial court erred in refusing to allow him to withdraw his guilty plea. Additionally, defendant argues that the trial court erred in refusing to allow severance of the charges, or alternatively, by not allowing the October charges to be continued to give defendant the opportunity to procure witnesses vital to his defense. Defendant further argues ineffective assistance of counsel because of counsel's failure to: (1) withdraw when a *per se* conflict of interest arose; (2) to request appointment of other counsel when a *per se* conflict of interest became apparent; (3) to investigate, interview or subpoena witnesses vital to his defense; (4) move to sever the separate and unrelated cases; and (5) file a certificate in compliance with Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)).

■ It is well established that the decision to allow the withdrawal of a plea of guilty, once entered, is within the sound discretion of the trial court. (*People v. Clem* (1979), 72 Ill. App. 3d 163, 390 N.E.2d 615; *People v. Linden* (1975), 27 Ill. App. 3d 45, 325 N.E.2d 809; *People v. Farnham* (1972), 8 Ill. App. 3d 722, 290 N.E.2d 19.) Permission to withdraw a plea of guilty should be granted not as a matter of right, but rather if necessary to correct a manifest injustice based on the facts of the case. (*People v. Linden*, 27 Ill. App. 3d 45, 325 N.E.2d 809, citing *People v. McNair* (1971), 133 Ill. App. 2d 832, 272 N.E.2d 286.)

The defendant bears the burden of proof. (*People v. Brown* (1973), 11 Ill. App. 3d 362, 296 N.E.2d 599.) The trial court's determination will not be disturbed unless the facts show that the plea of guilty was entered under a misapprehension of law or fact, that the defendant has a defense worthy of consideration, or that there is a doubt of the guilt of the accused and the ends of justice would be better served by a trial. *People v. Clem*, 72 Ill. App. 3d 163, 390 N.E.2d 615.

■ Defendant contends that he entered his guilty plea only because he felt "his back was to the wall" and that "without witnesses that were vital to his defense, he really would get nowhere at a trial." However, defendant has failed to identify witnesses or provide the substance of their testimony if called upon to testify in his defense. Defendant's vague assertions of witnesses critical to his defense do not rise to the level of a defense worthy of consideration because it is simply not supported by any evidence.

Similarly, the record does not support defendant's assertions that he was coerced into pleading guilty. The trial judge properly admonished defendant that by pleading guilty he was waiving his right to a trial, to confront witnesses, and against self-incrimination. Defendant clearly manifested his assent that he was waiving those rights. The trial judge also informed defendant of the maximum and minimum sentence in each case and that he had the right to petition to remove the guilty plea or appeal.

Therefore, we conclude that defendant entered into the plea negotiations with the State willingly and voluntarily, and was fully aware of and understood the terms of the plea agreement. Defendant's guilty plea was not entered as a result of misapprehension of the law or fact. The trial court acted properly in denying defendant's motion to withdraw his guilty plea.

■ Defendant argues that the matters against him should have been severed before trial. However, the decision to consolidate separately charged offenses is within the discretion of the trial court. (*People v. Holveck* (1988), 171 Ill. App. 3d 38, 524 N.E.2d 1073; *People v. Carmack* (1977), 50 Ill. App. 3d 983, 366 N.E.2d 103.) We do not find that the consolidation of the October and February charges prejudiced defendant. Accordingly, we conclude that the trial court acted well within its discretion and in the interest of judicial economy in consolidating the matters prior to trial.

■ Defendant next asserts that the trial court should have granted his request for a continuance of the October charges. This court has held that the decision whether to allow a continuance for the purpose of obtaining the presence of a witness is within the sound dis-

cretion of the trial court and will not be disturbed on appeal without a showing of a clear abuse of discretion. *People v. Cole* (1988), 168 Ill. App. 3d 172, 522 N.E.2d 635.

In this case, the trial court's decision not to grant defendant's request for a continuance cannot be characterized as an abuse of discretion. Defendant had already been granted numerous continuances on the October charges, which occurred over one year prior to the trial date. In addition, bond forfeitures had been entered on three previous occasions when defendant appeared late in court. On October 26, 1988, the parties expressly agreed in defendant's presence that the trial would be held on November 16. Thus, defendant had sufficient notice to prepare his witnesses and have them available for trial on that date.

Defendant's final argument concerns the ineffective assistance of counsel allegedly rendered by the assistant public defender.

■ In order to prevail under a claim of ineffective assistance of counsel, a defendant must prove two elements: (1) that his attorney failed to perform as a reasonably competent attorney, and (2) there exists a reasonable probability that, but for counsel's unprofessional errors, the outcome of the trial would have been different. *Strickland v. Washington* (1984), 466 U.S. 668, 694, 80 L. Ed. 2d 674, 698, 104 S. Ct. 2052, 2068.

■ Defendant argues that the public defender should have withdrawn because a *per se* conflict of interest arose when the public defender continued to represent him while he attempted to withdraw his guilty plea. It is recognized that it is reversible error to appoint a public defender to represent a post-conviction petitioner when the petition for relief includes an allegation of ineffective representation by a member of the same public defender's office which represented defendant at the time of his conviction. *People v. Terry* (1970), 46 Ill. 2d 75, 262 N.E.2d 923; *People v. Smith* (1967), 37 Ill. 2d 622, 230 N.E.2d 169.

■ We find, however, that this case is distinguishable from *Smith* and *Terry* because defendant failed to raise the issue of ineffective assistance in his *pro se* motion to withdraw the guilty plea, nor was it raised in the amended motion filed by the public defender. Indeed, review of the record indicates that the trial judge specifically asked defendant whether he wanted the public defender to represent him at the motion to withdraw the guilty plea, to which the defendant responded, "Yes." Defendant's bare assertions, standing alone, are insufficient to show that a *per se* conflict of interest existed, or that counsel other than the public defender's office should have been appointed to represent defendant. The fact that defendant was represented by the same counsel during both the guilty plea and the withdrawal of the

guilty plea proceedings is harmless error. *People v. Taylor* (1977), 48 Ill. App. 3d 925, 363 N.E.2d 643.

Defendant contends that the public defender failed to investigate, interview and subpoena witnesses vital to his defense. However, as previously noted, it does not appear from the record that there were any identifiable witnesses whose testimony may have been beneficial to his defense. Defense counsel is under no duty to manufacture a defense if none exists. *People v. Greenlee* (1976), 44 Ill. App. 3d 536, 358 N.E.2d 649, citing *People v. Davis* (1974), 16 Ill. App. 3d 846, 306 N.E.2d 897.

Similarly, defendant's argument that the public defender should have had the cases severed prior to trial fares no better. As previously discussed, the decision to consolidate separately charged offenses is within the discretion of the trial court. (*People v. Holveck*, 171 Ill. App. 3d 38, 524 N.E.2d 1073; *People v. Carmack*, 50 Ill. App. 3d 983, 366 N.E.2d 103.) Defendant has not demonstrated that the consolidation of the October and the February offenses was an abuse of the trial court's discretion.

Defendant also assigns as error the failure of counsel to file a certificate of compliance in accordance with Rule 604(d), or a supporting affidavit.

■ This court has insisted upon strict compliance with Rule 604(d), ruling that it is reversible error for the trial court to conduct a hearing on a defendant's motion to withdraw a plea of guilty when no transcript of the guilty plea proceedings has been provided to the defendant. (*People v. Lyell* (1982), 109 Ill. App. 3d 819, 441 N.E.2d 78, citing *People v. Sorensen* (1977), 49 Ill. App. 3d 984, 365 N.E.2d 171.) The filing of a certificate of compliance under Rule 604(d) is mandatory, and, generally, the trial court does not hold a hearing on the motion to withdraw a plea of guilty until this certificate has been filed. (*People v. Dean* (1978), 61 Ill. App. 3d 612, 615, 378 N.E.2d 248.) "However, the rule has been relaxed somewhat in situations in which the 'court could determine from the record before it that failure to comply was harmless error.' " *People v. Lyell*, 109 Ill. App. 3d at 821-22, 441 N.E.2d 78, quoting *People v. Lange* (1978), 59 Ill. App. 3d 603, 604-05, 375 N.E.2d 919.

■ In *People v. Norris* (1977), 46 Ill. App. 3d 536, 361 N.E.2d 105, this court held that the certificate requirement is applicable in all cases; however, substantial compliance with the rule in some cases is acceptable. While it is undisputed that the public defender in this case failed to file a certificate or affidavit pursuant to Rule 604(d), review of other factors demonstrates substantial compliance with that rule.

The amended motion to withdraw the guilty plea filed by the public defender repeated the assertions in defendant's *pro se* motion (that he was not ready for trial and should have been granted a continuance for the October offenses because of the absence of witnesses important to his defense) as well as defendant's other claim on appeal that the cases against him should have been severed prior to trial. Again, the trial judge specifically questioned defendant whether he wanted to adopt that motion, to which the defendant responded affirmatively. Finally, the record indicates that at the post-trial motion to withdraw the guilty plea, the public defender had the transcript from November 16, 1988, the day the defendant pleaded guilty.

In *People v. Evans* (1977), 46 Ill. App. 3d 689, 690, 361 N.E.2d 77, this court held that counsel's failure to file a certificate pursuant to Rule 604(d) was harmless error where:

> "The record shows that appointed counsel on the motions subsequent to the plea adequately represented the defendant, had examined the record and court file, and amended defendant's pro se motion to withdraw his plea so as to give it a more solid legal basis. While the formal filing of the certificate does not appear in the record, every function of trial counsel contemplated by the rule was performed."

We find that the public defender's actions in this case demonstrate substantial compliance with the spirit of Rule 604(d), and that the absence of the certificate of compliance is harmless error because it did not significantly affect the outcome of the case. Moreover, after review of the record, we find no additional facts which would have aided defendant in his motion. *People v. Lyell*, 109 Ill. App. 3d 819, 441 N.E.2d 78, citing *People v. Lange*, 59 Ill. App. 3d 603, 375 N.E.2d 919.

Accordingly, we conclude that defendant's claim of ineffective assistance of counsel fails because he has not demonstrated that counsel failed to perform as a reasonably competent attorney, nor that the outcome of the trial would have produced a different result, as required by the *Strickland* standard.

For the above reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RAKOWSKI, P.J., and LaPORTA, J., concur.