THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DARRYL TUCKER, Defendant-Appellant.

(No. 12715;

Fourth District—May 8, 1975.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

Richard J. Doyle, State's Attorney, of Danville (G. Michael Prall and Kai A. Wallis, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

In November 1973, the defendant was indicted for the offense of burglary. He was arraigned in December and entered a plea of not guilty. On January 28, 1974, defendant asked that his plea of not guilty be withdrawn and he entered a plea of guilty to the charge. Prior to the acceptance of the plea, the trial court explained to the defendant the nature of the charge, the possible penalty, the fact that he had a right to a jury trial, and in all respects complied with the express requirements of Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402), except that there was not an express inquiry as to the voluntary nature of the plea.

In *People v. Ellis*, 59 Ill.2d 255, 320 N.E.2d 15, the court considered this issue and concluded from an examination of the entire record that there was no doubt that the defendant's plea was voluntarily given. In that case, the plea was entered as a result of plea negotiations and the court inquired of the defendant as to whether or not he was pleading guilty because he was, in fact, guilty. This case differs from *Ellis* in that it is not a plea agreement. Our examination of the record, however, leads us to the conclusion that the plea was voluntarily made. The extensive inquiries by the court as to the offense, the factual basis for the plea, the defendant's concurrence in the stated factual basis, and his statements made to the court at the time of the sentencing, clearly indicate the voluntary nature of the plea. In *Ellis*, the supreme court stated:

> "While we do not approve of any failure to comply strictly with the explicitly stated requirements of Rule 402, it does not follow that every deviation therefrom requires reversal. If upon review of the entire record it can be determined that the plea of guilty

made under the terms of a plea agreement was voluntary, and was not made as the result of force, threats or promises other than the plea agreement, the error resulting from failure to comply strictly with Rule 402(b) is harmless. *People v. Krantz,* 58 Ill.2d 187." 59 Ill.2d 255, 257, 320 N.E.2d 15, 16.

■■ A second issue raised by the defendant is that there was a want of compliance with the requirements of Rule 402(a)(2) because the trial court did not inform the defendant of the maximum sentence prescribed by law in that there was no discussion of the mandatory parole term. The defendant concedes that this issue is governed by the decision of the court in *People v. Wills,* 23 Ill.App.3d 25, 319 N.E.2d 269. That case is pending on a certificate of importance issued by this court in the supreme court ( # 47039, March Term). Furthermore, the supreme court has addressed the issue in *People v. Krantz,* 58 Ill.2d 187, 317 N.E.2d 559, stating that substantial compliance with Rule 402(a)(2) does not require such admonition.

The judgment of the circuit court of Vermilion County is affirmed.

Judgment affirmed.

TRAPP, P. J., and GREEN, J., concur.