THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHN STEINMETZ, Defendant-Appellant.

Second District  No. 81—583

Opinion filed November 22, 1982.

G. Joseph Weller and John Wimmer, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE LINDBERG delivered the opinion of the court:

Defendant, John Steinmetz, a/k/a John Seaberry, appeals from an order of the circuit court of Lake County denying his motion to withdraw his guilty plea. On April 13, 1981, defendant, represented by a court-appointed attorney, pleaded guilty to theft over $150 (Ill. Rev. Stat. 1979, ch. 38, par. 16—1(a)(1)). The trial court accepted the plea and later sentenced defendant. On May 14, 1981, the same attorney filed a motion to withdraw the guilty plea on the grounds that defendant entered his plea involuntarily and without a complete understanding of the charges against him. Defendant's contention on appeal is that the hearing on the motion to withdraw the guilty plea was defective because of the failure of defendant's attorney to file a certificate of compliance pursuant to Supreme Court Rule 604(d) (73 Ill. 2d R. 604(d)).

Defendant raised several issues concerning his plea pursuant to Supreme Court Rule 402 (73 Ill. 2d R. 402). In an affidavit to the trial court, defendant stated (1) that he was not advised that he had a right to trial by a judge alone, and (2) that he was afraid of a jury

trial because the State's Attorney advised him that as a "career criminal" a conviction by a jury could result in an extended term or consecutive sentence. Defendant testified concerning those contentions at the withdrawal hearing, but after hearing all the evidence, the court denied the motion to withdraw the plea. Since then, defendant's appellate counsel apparently has examined the previously unavailable transcript of the plea proceedings and noticed defendant was not questioned concerning the voluntariness of his plea; specifically, the trial court did not ask defendant whether there was a plea agreement, or whether any force, threats or promises were used to obtain the plea. See 73 Ill. 2d R. 402(b).

The State has submitted to this court what purports to be a certificate of compliance subsequently executed by defendant's defense attorney. In it, defendant's attorney says that: "(a) I fully consulted with the defendant before he entered his guilty plea in the above case, (b) that I was present at the hearing wherein the Court held that the defendant had been advised of his right to a trial by a jury alone, and (c) that I was present at the hearing where the Court denied defendant's motion to vacate on the grounds that he was afraid of proceeding to trial because of the possibility of an extended term being asked for by the State's Attorney."

With some displeasure, we note the matters referred to in the certificate have nothing to do with the requirements of Rule 604(d). The rule requires in part that:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." 73 Ill. 2d R. 604(d).

Defendant's attorney's purported certificate of compliance so misses the mark that we can only treat it as a nullity and proceed with an analysis of the issue as if it had never been filed. The failure to file any certificate either in the trial or appellate court may be harmless error where the record shows trial counsel performs every function contemplated by Rule 604(d). *People v. Thompson* (1977), 50 Ill. App. 3d 51, 54, 365 N.E.2d 255, 257; *People v. Evans* (1977), 46 Ill. App. 3d 689, 690, 361 N.E.2d 77.

Defendant admits in his brief that his attorney consulted with him to ascertain his contentions of error in the entry of the plea of guilty.

Thus, the issue becomes whether the attorney examined the trial court file and report of proceedings of the guilty plea and made any necessary amendments to the motion as required by Rule 604(d).

It would have been impossible for defendant's attorney to examine the report of proceedings of the guilty plea since the transcripts were not filed until several months after the hearing on the motion to withdraw the plea. In *People v. Sorensen* (1977), 49 Ill. App. 3d 984, 365 N.E.2d 171, the court held it was reversible error for a hearing to be held on a motion under Rule 604(d) when a transcript had not been provided to the defendant. The court said examination of the transcript by the defendant's attorney is necessary to ensure an informed hearing on the motion and adequate advocacy of the defendant's rights. (49 Ill. App. 3d 984, 986-87, 365 N.E.2d 171, 173.) In *People v. Garrett* (1978), 57 Ill. App. 3d 906, 373 N.E.2d 792, *appeal denied* (1979), 75 Ill. 2d 592, the court remanded for a hearing to determine whether the defendant's attorney examined the transcript. The defendant's attorney had the opportunity to read the transcript of the plea proceedings, but no certificate had been filed and there was no evidence that the attorney did in fact comply with the rule.

Those cases by themselves might justify a reversal in the present case. However, the State asserts a somewhat unique argument that since the same attorney represented defendant at the plea proceedings and at the withdrawal hearing, the attorney necessarily was familiar with the record. This argument is unique only in its application to the transcript requirement of Rule 604(d). The argument previously has been made and rejected in connection with the requirement that trial counsel consult with the defendant. (See *People v. Norris* (1977), 46 Ill. App. 3d 536, 361 N.E.2d 105.) In *People v. Dean* (1978), 61 Ill. App. 3d 612, 378 N.E.2d 248, *appeal denied* (1979), 79 Ill. 2d 613, the same attorney represented the defendant during the plea hearing and on the motion to withdraw the plea. The court remanded for a hearing on whether a conversation between the attorney and the defendant involved the ascertaining of the defendant's contentions of error.

If continuous representation of a defendant by an attorney cannot justify an inference of consultation, just as compelling is the conclusion that continuous representation cannot justify an assumed knowledge of a hearing that may have been held months earlier and may have been only one of many pleas participated in by the attorney during that period. In the present case, three months passed from the proceedings on the plea to the hearing on the motion to withdraw it.

We perceive the policy behind this particular requirement of Rule 604(d) to be a concern that each defendant be assured adequate and

proper representation on his motion to withdraw his guilty plea. (*People v. Hummel* (1977), 48 Ill. App. 3d 1002, 1007, 365 N.E.2d 122, 126, *appeal denied* (1977), 66 Ill. 2d 633.) Specifically, the concern has to be that an attorney make a subsequent thorough and dispassionate review of the record to assure that the defendant's rights were safeguarded. To assume from the mere fact of continuous representation a knowledge of the record trammels on that policy. It ignores not only the reality that a vast amount of time often separates hearings but also that defense attorneys often represent numerous defendants with cases far too complex to commit to memory.

Although we hold the transcript requirement to be an important one, we must affirm the cause regardless because we find from an examination of the record that the error is harmless under the facts of this case. (See *People v. Saldana* (1977), 53 Ill. App. 3d 636, 368 N.E.2d 1055.) The record is clear, for example, that defendant acknowledged not just once, but twice, his right to a trial by a judge alone. Also, the law is well settled that a defendant who merely hopes or believes he will get a shorter sentence by pleading guilty is not entitled to withdraw his plea. (*People v. Taylor* (1977), 48 Ill. App. 3d 925, 363 N.E.2d 643.) Finally, no express inquiry is needed into voluntariness where, as here, the entire record shows the court conducted an extensive and thorough examination of defendant. (*People v. Tucker* (1975), 28 Ill. App. 3d 148, 328 N.E.2d 41.) The record shows defendant and the trial court discussed the charged offense, its factual basis and its sentencing potentialities. Defendant acknowledged he discussed with counsel his plan to plead guilty. The trial court admonished defendant regarding his presumption of innocence, his right to be proved guilty beyond a reasonable doubt and his right to confront witnesses. The entire record—including the entering of the plea and the hearing on the motion to withdraw it—supports a conclusion that the plea was voluntary.

Accordingly, we affirm the judgment of the circuit court of Lake County.

Affirmed.

REINHARD and VAN DEUSEN, JJ., concur.