THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ANTHONY W. KENDALL, Defendant-Appellant.

Second District No. 2—88—0766

Opinion filed May 13, 1991.—Rehearing denied June 19, 1991.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Michael J. Pelletier and Anne E. Meyer, both of State Appellate Defender's Office, of Chicago, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Anthony Kendall, pleaded guilty to the offenses of attempted murder (Ill. Rev. Stat. 1987, ch. 38, pars. 8—4(a), 9—1(a)(1)) and armed robbery (Ill. Rev. Stat. 1987, ch. 38, par. 18—2), and he was sentenced to 35 years' imprisonment. The trial court denied defendant's motion to reconsider the sentence or, in the alternative, to withdraw his guilty plea. On appeal, defendant contends that (1) the trial court failed to consider the proper factors in determining the sentence, and (2) defendant deserves a rehearing on his motion to withdraw his guilty plea because his attorney did not comply with Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)).

According to defendant's statements at the guilty plea hearing and the victim's testimony at the sentencing hearing, on March 2, 1987, defendant and codefendant, Ronnie Carroll, met the victim, Daniel Foren, at a gas station. Defendant and Carroll helped Foren pull his car out of a ditch, and Foren agreed to give the two men a ride somewhere. During the ride, Carroll stabbed or cut Foren in the back of the head and told him to stop the car. When Foren tried to get out of the car, Carroll stabbed him and defendant hit him with a pipe. As he ran from the car, Foren heard Carroll tell defendant, "Kill him, don't let him get away." When the men caught Foren, they continued to stab and beat him. According to defendant, Carroll asked him if he (Carroll) should kill Foren, and defendant said no. Apparently, when Foren passed out the men stole his clothes and $28. The victim was cut on the face, hand, back and head and suffered a broken arm and hand.

Defendant entered a plea of guilty to the charges of armed robbery and attempted murder. At the sentencing hearing, the victim

testified about the incident and his injuries. Defendant's great-aunt testified that defendant's stepfather had physically abused defendant. Defendant ran away from home when he was young, and the court gave the great-aunt custody of defendant for two or three years. When defendant was in high school, he got into drugs. The great-aunt believed that if defendant could get away from drugs and alcohol he could go far. Defendant's other aunt testified that she felt defendant got involved in this incident because of drugs.

Defendant was 21 years old at the time of the offense. The presentence investigation report indicates that while defendant was a minor he was adjudicated a delinquent for the offenses of theft, attempted escape and battery, and he was committed to the Department of Corrections. As an adult, defendant was convicted of theft in 1983 and sentenced to one year of probation. On January 21, 1988, defendant was arrested for a 1986 burglary. On that date defendant was also charged with transporting alcohol and obstructing a peace officer. He was convicted of the latter offenses and fined, but the burglary charge was still pending at the time of this sentencing hearing. Defendant has been using drugs since he was seven and drinking alcohol since he was 12; he is a regular user of marijuana, LSD, heroin, cocaine and speed. Defendant told the presentence investigator that he was under the influence of several drugs and a large amount of alcohol at the time of the offense.

The trial court found that the offense was accompanied by exceptionally brutal and heinous behavior indicative of wanton cruelty and that the extended-term provision of the Unified Code of Corrections (the Code) (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—2(a)(2)) was applicable. The court sentenced defendant to 35 years' imprisonment. Defendant filed a motion to withdraw his guilty plea or, in the alternative, to reduce the sentence, and the motion was denied. Defendant appeals.

Defendant contends that he deserves a rehearing on his motion to withdraw his guilty plea because his attorney failed to examine the report of proceedings of the plea of guilty as required by Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)). Rule 604(d) governs appeals from judgments entered on pleas of guilty. The rule provides that no such appeal will be taken unless defendant files a motion to withdraw his guilty plea within 30 days of sentencing. The rule sets forth the requirements for such a motion and the duties of the court and defense counsel in regard to such a motion. As relevant here, Rule 604(d) provides:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant *** to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (134 Ill. 2d R. 604(d).)

In this case, defense counsel filed the required certificate, but she admitted to the court during the hearing on the motion to withdraw the guilty plea that she had not examined the report of proceedings; she had only reviewed her notes.

 The rules adopted by the supreme court concerning criminal defendants and guilty pleas are rules of procedure and not suggestions; it is incumbent upon counsel and the courts alike to follow them. (*People v. Wilk* (1988), 124 Ill. 2d 93, 103.) The requirement that defendant's attorney examine the court file and the report of proceedings reflects a concern that each defendant be assured adequate and proper representation on his motion to withdraw his guilty plea. (*People v. Steinmetz* (1982), 110 Ill. App. 3d 439, 441-42.) Because of the strict waiver requirements of Rule 604(d) (any issue not raised by the defendant in his motion to withdraw his guilty plea is deemed waived), fundamental fairness requires that the defendant have the assistance of counsel in preparing and presenting his motion. (*People v. Ledbetter* (1988), 174 Ill. App. 3d 234, 237-38.) Rule 604(d) sets forth defense counsel's duties in this regard; here it is clear that counsel did not perform those duties. We conclude that, due to defense counsel's failure to comply with Rule 604(d), the cause must be remanded to the trial court where defendant will be allowed to file a new motion to withdraw his guilty plea and allowed a hearing on the new motion. See *People v. Hayes* (1990), 195 Ill. App. 3d 957, 960-61.

Our analysis and interpretation of Rule 604(d) is consistent with our recent opinion in the case of *People v. Dickerson* (1991), 212 Ill. App. 3d 168, and consistent with recent rulings from other appellate districts in the cases of *People v. Hancock* (1991), 208 Ill. App. 3d 1092 (fourth district); *People v. Vickery* (1991), 207 Ill. App. 3d 574 (third district); *People v. Johnson* (1990), 207 Ill. App. 3d 122 (fourth district); and *People v. Hayes* (1990), 195 Ill. App. 3d 957 (fifth district).

Defendant has raised sentencing issues on appeal, also. We acknowledge that on remand it is possible that defendant may prevail on his motion to withdraw his guilty plea and his conviction and sentence may be vacated. We note that defendant did raise the issue of

his sentence in the trial court by filing a motion to reconsider (see *People v. Wallace* (1991), 143 Ill. 2d 59), and for the sake of judicial economy, we will address the sentencing issues here. We conclude that the sentence imposed on defendant was proper, and, in the event that defendant does not prevail on his motion to withdraw his guilty plea, the sentence will stand.

■ Defendant contends that his sentence was excessive and should be reduced. It is well established that a trial court's decisions in regard to sentencing are entitled to great deference and weight, and, absent an abuse of discretion, a sentence may not be altered on review. (*People v. Felella* (1989), 131 Ill. 2d 525, 541; *People v. Perruquet* (1977), 68 Ill. 2d 149, 154.) Defendant was convicted of two Class X felonies; the penalty for such offenses ranges from 6 to 30 years. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1.) As noted above, the trial court determined that the crime was accompanied by brutal or heinous behavior indicative of wanton cruelty and that the extended-term provision of the Code could be applied. Under this provision, defendant was eligible for a term of from 30 to 60 years. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—2(a)(2).) Defendant does not take issue with the trial court's findings concerning the brutal nature of the crime and the applicability of the extended term. Defendant's 35-year sentence was on the low end of the extended-term range; his codefendant, Ronnie Carroll, was sentenced to 55 years' imprisonment.

Defendant first contends that in determining his rehabilitative potential the trial court did not consider his youth, his family background of abuse, his lack of a significant criminal history, and the fact that he had been continuing his education while in jail for this offense.

■ All criminal penalties are to be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship (Ill. Const. 1970, art. I, §11) and to that end the trial court is required to consider defendant's rehabilitative potential (*People v. Brajcki* (1986), 150 Ill. App. 3d 506, 515).

In determining defendant's rehabilitative potential, the court focused on defendant's criminal history. The court noted that as a juvenile defendant was sent to the Department of Corrections, which the court characterized as "the last stop in [the] juvenile court system," and that defendant had attempted an escape. When defendant was on adult probation for theft, he did not report, left the jurisdiction and did nothing toward rehabilitation. The court also noted defendant's recent conviction of obstructing a peace officer and the fact that defendant was out on bail on a burglary charge when he committed the instant offenses.

■ Admittedly, defendant had not been convicted of other major violent crimes; however, defendant's experience with the justice system gave strong indications of a lack of rehabilitative potential. While his other crimes may not have been what defendant calls "significant," his response to them and his attitude toward and failure to cooperate with the system were significant. As a juvenile, defendant had attempted escape; as an adult, he had violated probation and fled the jurisdiction; and he committed the instant offenses while out on bail on another charge. We cannot conclude that the trial court's determination that defendant had very little rehabilitative potential was unsupported by the record.

■ Although the trial court may not have mentioned defendant's age and educational background at the hearing, the court had reviewed the presentencing report and was aware of these facts. The court also was aware of and discussed defendant's family background. Where mitigating evidence is before the court, it is presumed that the court considered that evidence absent some indication, other than the sentence itself, to the contrary. (*People v. Abrego* (1986), 142 Ill. App. 3d 973, 986.) The court is not required to set forth every reason or the weight given each factor considered in the sentencing decision. (*Brajcki*, 150 Ill. App. 3d at 515.) Moreover, the rehabilitation of the defendant is to be accorded no greater consideration than the seriousness of the crime (*People ex rel. Ward v. Moran* (1973), 54 Ill. 2d 552, 556-57), and the crimes here were extremely serious: two Class X felonies committed in a brutal manner.

Defendant next contends that the trial court ignored the mitigating evidence that defendant was a chronic substance abuser and was under the influence of drugs at the time of the offense. We disagree.

■ At the sentencing hearing the trial court stated that it had reviewed the reports, exhibits, testimony, statements and arguments and considered them in light of the sentencing statutes. Among the reports was the presentence investigation report which discussed defendant's drug and alcohol problem and a substance-abuse evaluation report from the Lake County Health Department, and the court discussed the substance-abuse report at the hearing. The court also noted that alcohol or drug addiction can be a mitigating factor insofar as it affects mental capacity, but that extensive, long-term substance abuse may negatively impact rehabilitative potential. These comments make it quite clear that the court did consider defendant's drug and alcohol problems. As pointed out above, the court was not required to assign a weight or value to each factor considered. (*Brajcki*, 150 Ill.

App. 3d at 515.) We again note that defendant was eligible for a 60-year sentence but received only a 35-year sentence.

Finally, defendant contends that the trial court considered two improper aggravating factors, specifically that defendant had received compensation for the offense and that he was out on bail for a prior felony at the time of this offense.

■■ When listing the aggravating factors, the trial court said that the codefendants received compensation for the crime, apparently referring to the $28 they took from the victim. Where a defendant received compensation for committing the offense, the court may consider that factor in aggravation. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(a)(2).) This section is intended to refer to a situation where the defendant receives remuneration other than proceeds from the crime itself, for example, where he was hired to commit the crime. (See *People v. Conover* (1981), 84 Ill. 2d 400, 405.) There is no reason to believe defendant was hired to commit this offense, and the trial court was incorrect when it concluded that it could consider compensation as an aggravating factor. However, the court mentioned compensation only once and very briefly at the beginning of the sentencing discussion, and our review of the record establishes that little, if any, weight was given to this factor. Remand for resentencing is not necessary where the record demonstrates that the weight placed on the improper sentencing factor was insignificant and did not result in a greater sentence. *People v. Bourke* (1983), 96 Ill. 2d 327, 333.

■■ Defendant also complains that the trial court improperly considered the fact that defendant was out on bail for burglary when he committed the instant offense. Where a defendant committed an offense while he was out on bail for a prior felony and he was convicted of that felony, the court may consider that factor in aggravation. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(a)(11).) In this case, although defendant was out on bail for burglary at the time of the offense, he had not been convicted of that offense at the time of this sentencing hearing. However, while the court did discuss the burglary charge here, it specifically pointed out that the charge was still pending and that defendant was presumed innocent of that offense. The court discussed the burglary charge only as it was relevant to defendant's rehabilitative potential and not as a statutory factor in aggravation. As such, there was no error.

■■ In light of the brutality of the crime and defendant's limited rehabilitative potential, we conclude that defendant's 35-year sentence was not an abuse of discretion.

As set forth above, the trial court's denial of defendant's motion to withdraw his guilty plea is reversed, and the cause is remanded for further proceedings consistent with this decision.

Reversed and remanded.

REINHARD, P.J., and McLAREN, J., concur.